In this case, Mr. McNeal was convicted of vehicular homicide, vehicular assault, and possession of methamphetamines. The district court vacated the conviction for vehicular assault because the court believed that the special verdict on the vehicular homicide conviction was inconsistent with the general verdict on the vehicular assault conviction. That was a finding, wasn't it? A jury finding that the person was not drunk. The verdict itself is not inconsistent, but the finding that the jury made. It was a finding in the verdict, Your Honor. All right. So the verdict in the special verdict on the vehicular homicide was inconsistent with the general verdict on the assault. Do you know why that special verdict was submitted to the jury and whether the jury was told why it was submitted to them? Your Honor, I just know that it's common practice. I don't know if it's required. There was some discussion in the court, in the state court opinion, which suggested that there was an enhancement that would be connected with it if it were under the influence. And I wonder whether the jury knew that. Do we know that? I don't believe the jury would know. I think that goes beyond what the record says, whether their knowledge of whether it would have been. What I mean is, well, we would know if we had the record. But so the record, I don't mean whether they knew it off the record. I'm wondering whether they knew it on the record, whether they were told that at some point. I don't believe that they were. I don't believe that that was an instruction to the jury in this case. But the state court finding, the majority of the Washington Supreme Court did say that the special verdict statute that the district court mentioned in the report and recommendation did not, first it did not apply because it was a civil procedure and not a criminal procedure statute. But even if it did apply, the special verdict or special finding only applies to that count on the special homicide. And it did not apply to the general verdict on the assault conviction. And that was in a footnote of the majority opinion, Steve versus McNeil, 145, Washington 2nd, at page 358, note 2. So the report and recommendation in the district court to the extent that it relied on that state statute was erroneous. And any alleged violation of state law is not a basis for habeas relief. The habeas statute bars a grant of habeas relief unless the claim is based on a holding of the Supreme Court, clearly established Federal law. The Supreme Court has never held that a habeas petitioner is entitled to relief based on inconsistent verdicts. In fact, the Supreme Court has held to the contrary. The Supreme Court has repeatedly said that a habeas petitioner is not entitled to, or a criminal defendant is not entitled to relief and vacation of the conviction based on inconsistent verdicts. The Supreme Court's most recent opinion, United States versus Powell, reaffirmed the rule made in the 1930s in the Dunn versus United States case, that inconsistent verdicts simply are not reason for vacating a conviction. There could be any number of reasons why the verdicts are inconsistent, and the court will not look beyond the verdicts and look into the jury's reasoning. There was discussion in the district court that the Dunn rule applied in Powell was based on jury lenity, and because Mr. McNeil was convicted on both counts, there was not lenity. But the Supreme Court in the Powell case specifically said, and this is at 469 U.S. Reports at page 66, we also reject as imprudent and unworkable a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that, in their case, the verdict was not the product of lenity, but of some error that worked against them. So even if the jury lenity was inconsistent, the verdict was not a product of lenity. Kagan. But Powell ultimately left the question of inconsistent convictions open. So that doesn't necessarily hurt your case, but it doesn't prove that Powell applies to this, but it does create a vacuum in the Supreme Court, which is probably good enough for your purposes. It's exactly good enough, Your Honor, because there is no Supreme Court case on that says that the Constitution requires a grant of relief based on inconsistent verdicts. There is no clearly established Federal law at the State Supreme Court. It seems like the district court opinion, if I'm understanding this correctly, misstated the legal standard. The district court, as I read it, seemed to say that he could give relief for inconsistent verdicts if there was no clearly established Supreme Court law that prohibited that. That's correct, Your Honor. As opposed to saying that relief would be required by clearly established Supreme Court law. That is correct, Your Honor. The district court said that vacating the conviction would not be contrary to Supreme Court case law as it currently stands, and that is an incorrect standard under the habeas statute. Because the claim is not based on clearly established Federal law, we would ask that the court reverse the judgment of the district court and remand with the direction that the court deny the habeas petition. Okay. Thank you, Your Honor. I want to reserve some time to respond to Mr. Koo's arguments. Yes, Your Honor.  Good morning. Mr. Koo, at some point in your argument, I would appreciate if you could have just addressed what do we do here if the district court just misstated the Supreme Court standard under AEDPA? In other words, how can you prevail if what I've just stated is correct, if that premise is right? And, Your Honor, I will do so. Good morning. May it please the Court. Thank you, Your Honor. I'm Jerome Koo, and with Linda Sullivan, we represent John McNeil. The Court got it right in the sense that Mr. McNeil's convictions violated a clearly stated rule, Federal rule stated by the Supreme Court. However, I would say that I never knew about these cases about inconsistent verdicts, but they seem to be there, and they seem to have been recently reaffirmed, and there doesn't ñ although there's a footnote saying that there might be an exception for something like this, there isn't one. So why? And I understand the problem, and part of this problem is the district court's, I think, basically erroneous statement, as you caught and as we caught, of the standard. And I think what happened here in terms of the district court, the district court got the smell of something wrong and reached for a way to get to what might be an equitable result here. And I think some of their logic was good. I think they did misstate the standard. I would agree with that. I don't think we can get past that. So where is the clearly established Supreme Court law that supports your position? Now, here's where we get to that. The State has relied, and I think erroneously, on a stream of cases, starting as the State claims in the 30s with Dunn and Powell, which state in every one of those cases that when there are inconsistent guilty and not guilty verdicts, that the examination, that the examination is not going to be. So let's assume that. Let's assume that this is an open issue under Powell. But where's your affirmative support? I think that because of the footnote in Powell that says that the line of cases in Powell and Dunn don't apply, that we're back into Winship and Jackson and Wright v. West. I think that the Washington Supreme Court, the Washington courts below, and the State have argued that this is a Dunn and Powell case. The logic in Dunn and Powell, the rationale doesn't apply here. It's a fundamental problem. Okay. So let's assume that. So now walk me through how you do get there. How I get from the Dunn and Powell. How you get to a clearly established, how you get, you say that it comes around in Winship and Jackson. So walk me through that. I'd be happy to do so. You start with Dunn and Powell. Now let's forget Dunn and Powell. Let's get there from Winship and Jackson. Then we get to Winship. And Winship says that you have to prove every element of a charge beyond a reasonable doubt. And while, you know, we might have all assumed that that was always true, it took Winship to state that clearly. Jackson comes along and discusses that rule in the more complicated arena of habeas law where you've got, you're reviewing a more complicated record. What Jackson says, and this is stated again emphatically in Wright v. West, that we are going to give the trier of fact substantial deference. And the trier of fact in this case found that the, that Mr. McNeil was not under the influence at the time of this accident. Jackson goes on, though, and says that what you're supposed to do is look at the record in the best light of, for the prosecution. The record in this case doesn't help us in that way. We have a record of the jury and with Jackson's implication of substantial deference saying he's not under the influence. They then turn around and find that he is guilty of a crime which has an element of being under the influence at the same instant. Jackson says that the examination is whether a rational trier of fact could conclude the way this jury did. And if you examine the whole record in Jackson with a deference to the jury's finding on the under the influence question, there is no rational trier of fact who could reach both verdicts. Isn't that a question of the sufficiency of evidence? You're not challenging the sufficiency of evidence. You're just saying the jury interpreted the evidence in a different way in making that finding than in making, returning the verdict. Well, I think it's a hybrid. I think it is partly an argument about sufficiency of the evidence. You raised that issue. The evidence, that issue was raised every step of the way. It was raised in Mr. McNeil's pro se briefs. It was raised by the Washington Supreme Court decision, opinion, discussed sufficiency claim. But the sufficiency on each verdict is adequate. If you look, if there were two separate proceedings and each one is adequate, right? You know, looking at the record, I don't think I can completely agree with that. I think the record on the, having read this, the trial record again and again. Well, at any rate, it's not before us whether each individual one is adequate. Is anybody complaining that the record on either one's viewed independently is not adequate? No, because I think, as the Court says, I don't think that's before it. I think that there is, now, if you turn the Jackson, if you look at the Jackson rule, and you've got the verdict on influence, and could a rational trier of fact found the way that jury did as to whether or not there was influence, and they found no, and I think there is a firm basis in the record for finding that. One possibility, of course. First of all, do you know why there was a special verdict on the homicide? I don't know. I do know that, from my reading of this case, there are a lot of questions I have that aren't answered. I don't know why the government, the State, chose to proceed this way. There were different ways of proving this crime. They chose only the under the influence. On the assault. On the assault. There was a reckless prong that they could have gone on in both counts. They chose not to. It wasn't charged that way. Mr. O'Neill had no notice, so the jury couldn't have convicted. But there are a number of, I think, mistakes or choices, litigation choices, that the government made that got us directly to here. Help me out on a procedural question, if you would, please. If we're certain that the district court got the standard wrong, now, I guess one approach would be that we should just send it back to Judge Burgess, say, here's what the standard is, and let him wrestle with whether he buys the argument that you're presenting that it is inconsistent with clearly established Supreme Court law. Another way to go about it is that we should get to that issue de novo, and we have to decide that. Maybe we're obligated to do that and make a ruling on that. So is there any law, in terms of the procedural issue, about whether we can stop after saying he made the right stand, made the wrong, stated the law incorrectly, and whether we are required to go further at this stage and address the Adeepe issue? Your Honor, I found no law. To be honest, I didn't find a case like this where a court had stated the standard quite the way it had. If we have the power to go forward and say he was right in result but stated the wrong reasons, then it might also mean that we have the duty, if we think he's wrong in result, to state that, you know, that's our analysis now, and that it's all over as opposed to the normal situation where a district court wrestles with the issue first and writes an opinion, and you've got briefing on the opinion written by the district court. Whereas here, you have to come in and sort of agree with Mr. Sampson that the way the judge stated it is incorrect, but you tell us that still the result was in the petitioner should have habeas relief. That is a good description of basically the position. I'm just trying to wrestle with whether we, A, are required to get to the second issue, or, B, shouldn't get to it. And I'm afraid I'm not going to be of great help. I would say that the, you know, the district court order went into not just their reason. That wasn't the only sentence in the opinion. They may have misstated the standard of review. They do talk about the inconsistent verdicts, and the Supreme Court said in Powell, in the footnote in Powell, that its inconsistent verdict law does not apply to inconsistent guilty verdicts. And it shouldn't. It's a completely different case. In inconsistent guilty verdicts. They didn't even say that. They only said they don't know whether it applies. What the footnote says is that nothing that we have stated here says that this should apply in inconsistent guilty verdicts. But here we have a very peculiar situation, because we actually don't have inconsistent verdicts, right? The actual verdicts are not inconsistent. Well, I think it depends on how you define a verdict. What I mean is that the – it's the special interrogatory that's arguably that that's – I'm going to say arguably because I just floated a thesis in a minute – inconsistent, but the verdicts themselves are perfectly consistent. No, I think that's wrong. And this is why the reason – this is why. With the special verdict question, what the jury found on the vehicular homicide, the elements to complete the vehicular homicide were that he drove disregarding the safety of others. That is an element that they found in convicting him. If they found the same elements in the vehicular assault count, they have to – they cannot convict. Why? Because there is no – in vehicular assault, there are only two elements of this type. It's under the influence or reckless. Disregarding the safety of others is not one of the elements. And that's not reckless? It's specifically in the statutes. The statute – the vehicular homicide statute has three prongs. It can be influence, recklessness, or disregard of the safety of others. I read the disregard of the safety of others as basically a negligence count. In the vehicular assault law, the people of the state of Washington have chosen only to hire a mental state – Well, it wasn't put to them whether or not he was reckless. It was only put to them whether he disregarded the safety of others. But if they asked him whether he was reckless, they might have said he was reckless. That's not inconsistent. There's another problem, though, which is that he was not charged under the reckless count. I understand that, but they're not inconsistent to some. The verdicts are not inconsistent because he could have been both reckless – both under the influence in the one hand and disregarding the safety of others in the other. The only reason you have a problem here is because they checked – not because they checked yes as to disregarding the safety of others, but because they checked no as to under the influence. Well, I think that if he were charged that way, that would be true. But then you've got a whole other set of problems. No, I'm taking it as charged. As charged. The only inconsistency is that they checked no. Not as to what they checked yes, but as to what they checked no. The inconsistency is that they checked no to something that is a fundamental element of the second charge. Right. But the actual verdicts as to what they checked yes was not inconsistent with the other verdict. I think under Washington law it is. I'm sorry. And the reason I think it is, is that the statutes are not the same. And I understand that it's possible to view disregard for the safety of others as a lesser included of reckless. No, no, no. But what was he found guilty of on assault? On the assault of vehicular assault? With no – What was – it went to the jury only under the influence, right? Only under the influence. Okay. So they found him guilty on the assault under the influence, on the homicide of disregarding the safety of others. Those are not inconsistent. Without the special verdict? Yes. In another case without the special verdict, it's possible, if it were charged that way, could a jury find that way? They might be able to. Okay. So therefore, what's inconsistent here is the check no on not the verdict, but the check no as to under the influence. That is certainly the primary basis of the inconsistency. But then they go on to convict. So I guess my point is that this really isn't an example of the Daigle footnote in Powell, because it really isn't inconsistent guilty verdicts. Again, I would argue that based on what we have, that the jury in this case convicted him using an element that they decided was not proven beyond a reasonable doubt. Well, the jury might have thought that when they checked that box, they were checking it with reference not to the assault conviction, but to the other conviction, which did not depend on driving under the influence, right? And I think that's where we get to the problem with inconsistent guilty verdicts as opposed to inconsistent, which is not guilty verdicts. But it's just a mistake. It's a mistake they made in the finding, but that doesn't mean the guilty verdicts are inconsistent. There's no evidence in this case that there was a mistake. The jury was polled. No, but you can rationalize what happened here. I think if procedurally that was the only thing we had, I don't even think you could do that because they specifically stated that he was disregarding the safety of others. And that was their conclusion as the element, necessary element, in the vehicular homicide. But they went on to find that he was not under the influence. And then they went on to find that he was not under the influence. With respect to that conviction. That's correct. And that conviction, from the way it was charged, could be had by, through the disregard for the safety of others. This is a little like finding guilty on alternate theories, which are different. And again, you know, the Daigle cases, the Powell case, the Dunn case, they talk about how in inconsistent guilty and not guilty verdicts, you can view those as if they were charged separately, tried separately. But now we have a different case in the inconsistent guilty verdicts where that won't work because a jury found that the government had not proven beyond a reasonable doubt at the same instance. As a wild guess as to what actually happened, I suspect that the jury thought that they had to choose one or the other on the homicide. So they chose one, not the other. And, you know, with deference to the instructions and deference to the prior fact, the jury was instructed otherwise. The jury was polled as to whether this was their verdict as to all the cases. Was the jury instructed that they could check both? I don't believe the jury was told anything at all about that. So what do you mean they were instructed otherwise? It doesn't say that the verdict sheet itself does not have an and in it or an or in it. Right. It just says answer yes or no. And, you know, in Powell and Dunn, the courts talk about the possibility of mistake and the argument that we don't know whose ox is gored, in Powell's words, in terms of with the guilty and not guilty verdicts. In this case, we know whose ox was gored. It was Mr. McNeil's ox that was gored. The court's assuming a mistake is assuming a mistake to find a necessary element as opposed to in the other, in the Powell and Dunn cases, where mistake can be used to explain the acquittal. Your contention rests on the inconsistency of verdicts. You're not contending that the evidence was insufficient. I am. I'm contending that the evidence was, that the jury's, that the jury's decision on a special verdict was consistent with the evidence, that there was no, there was not insufficient evidence to make that claim. The DOA in this case does not include a claim of insufficient evidence. Well, the, I think the question here was, was it raised below? We are, of course, the appellees. We're the appellees, not the appellate. And we raised this. Was it raised here? Was it raised here even outside of COA? You haven't briefed it at all. We briefed the sufficiency argument in our brief. We argued, in fact, we argued Jackson, Winship and Jackson in our brief. And because of, basically because of what the Court has noted in terms of the mistaken standard, we're not claiming that Dunn and Powell work in this case. It's an interesting case. So, and, you know, it was argued every place below. In some of the filings, it was, or maybe in all the filings, it was subservient to a claim of inconsistent verdicts. Mr. McNeil, of course, was pro se, and in his filings before the Washington Court, and then again in his petition for habeas, he used exactly the same language as a second paragraph saying that these inconsistent verdicts produced a case where he was convicted where the government had not proven all of the elements of the offense beyond a reasonable doubt, and that's a sufficiency argument. We've gone over time, but if either of the judges have further questions, we should pursue it. If not, we will thank you for your argument. Thank you. Mr. Sampson. Thank you, Your Honor. In answer to Your Honor's question about the procedural, whether the Court should simply remand. I assume we are reviewing this issue de novo, so we could go on and say, well, the judge got the reasoning wrong, but a deeper relief is proper, or we could say, but it's not proper, and put an end to the case one way or the other. But what I'm wondering is if we have discretion to say, okay, the judge got it wrong, it's a complicated issue, so that we could see that district court opinion on it. We just want to send it back. I would believe that the Court would have such discretion, but that's not the discretion that the Court should exercise. The case that I could refer the Court to, it's not cited in the briefs, but it's Gary Benn v. I believe it was Tana Wood was a Respondent. It's a capital case out of Washington where we had argued that the district court failed to apply 2254d at all. And this Court said that even if that was true, this Court can apply it de novo and reach the merits and then affirm the district court. It's of course de novo. If these cases, if these two charges have been tried separately and the homicide one were tried first and you have the verdict the way you have it, presumably there would have been collateral estoppel on the issue and the first one couldn't have been tried in that theory. Is that right? If collateral estoppel applied. Why would it apply? Because it's difficult to, I guess Your Honor is correct, that would apply. But collateral estoppel does not then apply in this case since they were tried together. The Supreme Court in Powell specifically said collateral estoppel and res judicata do not apply. It may have applied if the accounts were tried separately, and they recognize that in Powell, that if the accounts were tried separately and you were acquitted on one or the jury found an element was missing on one, you cannot later bring them into court because collateral estoppel and res judicata would apply. But the Powell court said that does not apply here in this case because essentially collateral estoppel and res judicata is based on rational verdicts and where there's an alleged inconsistency, there's a rationality alleged, the principles of collateral estoppel and res judicata simply don't apply. I want to say that I find this law very, this set of law cases very troublesome. I understand, Your Honor. There they are. I guess the easiest answer for the Court is in Powell at 469 U.S. at page 65. The Court clearly says nothing in the Constitution would require protection from inconsistent verdicts. And it's not a rule based in the Constitution. So if this is viewed as an inconsistent verdict claim, which was the claim brought in the habeas petition, then relief is not available. If the claim is based on a sufficiency of the evidence claim, in our position it was not, there was clearly sufficient evidence. The petitioner had a blood level of .31 milligrams of methamphetamine per liter of blood. There was expert testimony that that level of drugs in his blood would impair his ability to drive the automobile, that it would cause him to veer from, in the expert's studies, it would cause people to veer from their lane of travel as it did in this case. There was evidence from the experienced trooper and experienced nurse regarding Mr. McNeil's lethargy. Even though he had a broken arm with a bone protruding from the skin, he was lethargic and really wasn't upset about his injury. All of that evidence, along with the other evidence, is clearly viewed in light, most favorable to the prosecution, is clearly enough to sustain the verdict. Go ahead. I had a follow-up question. Sure. On the case that you cited me to at the start of your argument, on my sort of procedural wrinkle, like how far should we go, was that a case where the circuit was affirming the district court, which had not stated the right standard, or a case where they're reversing the district court? They affirm the grant of the writ in that case. We could always affirm on any ground, even if it wasn't addressed. At least that's, I think, the law. We can affirm it. But here you would like us to reverse the district court, which stated the wrong standard, and in reversing the district court, apply the correct standard de novo and resolve it, as opposed to reversing or vacating the district court's decision and sending it back, telling them, you apply the right standard in the first place. Right. Okay. Because you think the law is clear enough that there's no clearly established Supreme Court law that would permit relief. Yes, Your Honor. There are no issues of fact that need to be resolved by the district court. This is all record evidence. And the law is clear. There is not a Supreme Court case which reveals it. Was the jury polled? We were told that the jury was polled. Was the jury polled specifically after the special verdict where they were asked, is it true that your family was not under the influence, and they said yes? I believe so, Your Honor. I believe – I don't know if it was that specific. It's been a while since I read that part of the record. I don't know if it – but I know the jury was polled. Right, but it wouldn't make a difference as to whether they were polled as to the bottom line or whether they were polled as to the special verdict. And I don't know that answer. And I take it trial counsel did not raise a question when the verdict was returned. That's correct, Your Honor. Trial counsel did not object to the verdicts at the time. He raised it only on appeal, the inconsistency of the verdicts was raised only on appeal. In the State court appeal. In the State court appeal. If this claim were, in response to Your Honor's questioning to opposing counsel, there was a question of whether the verdicts may be consistent, but the special finding was inconsistent. If that's how the case is viewed, that's exactly what Powell involved and what Dunn involved. Those cases involved claims where a person was acquitted, for instance, on a count of possession, but then convicted on a count of a compound crime where possession was an element. And that's very similar to what occurred here. Isn't that essentially what we have here? He was acquitted of committing vehicular homicide through by being under the influence, but he was convicted of committing vehicular homicide by disregarding the safety of others. And that is not inconsistent. What's inconsistent is what he was acquitted of. Yes, Your Honor. Essentially. And that's exactly what happened in Powell and in Dunn. And the Supreme Court said that's not a basis for vacating a conviction. So if it's looked at that way, if it's looked at the special finding is inconsistent with the general verdict on the other count, that's exactly what occurred in Powell. Relief is not available. And if it's the other way, where you compare verdict versus verdict itself, finding of guilt versus finding of guilt, there's still no Supreme Court case that requires relief. Because there is no Supreme Court case that requires a grant of relief, the claim is not clearly established. Unless the Court has any further questions, I would ask that the Court reverse the district court. Okay. Seeing no further questions, we thank you for your effort, Mr. Sampson. And we thank the Court. The case of Neal v. Morgan shall be submitted.
judges: Gould, Berzon, Schwarzer